(112 So. 374)

No. 28470.

## STATE v. LEACHMAN.

March 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬥110(31)—Indictment for possessing liquor, following statute, held sufficient, without charging that liquor was possessed "unlawfully" (Act No. 39 of 1921 [Ex. Sess.]).

Indictment for possessing intoxicating liquor for beverage purposes, in violation of Act No. 39 of 1921 (Ex. Sess.), following language of statute, is sufficient without allegation that liquor was possessed "unlawfully," where it charged such offense "contrary to the form of the statute in such case made and provided."

2. **Criminal law** ⬥404(4)—Admission of liquor held not error as against objection that it was not proved that liquor was intoxicating or that defendant possessed it.

In prosecution for possessing liquor, admission of liquor in small bottle, alleged to be that referred to in bill of information, *held* not error, as against objection that it had not been proved that liquor was intoxicating or that defendant possessed it, since such objection went to sufficiency rather than admissibility of evidence.

3. **Criminal law** ⬥1158(1)—Refusal of special charges, based on trial court's belief as to sufficiency of evidence in prosecution for possessing liquor, held not reviewable.

Supreme Court will not review refusal of special charges that finding of whisky in smokehouse did not justify presumption that defendant put it there, where refusal was due to court's belief that evidence showed defendant did put it there, since sufficiency of proof to justify such conclusion is not within Supreme Court's jurisdiction.

Appeal from Third Judicial District Court, Parish of Union; S. D. Peace, Judge.

Robert Leachman was convicted of possessing intoxicating liquor for beverage purposes, and he appeals. Affirmed.

H. G. Fields, of Farmerville, for appellant.

Percy Saint, Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of the offense of possessing intoxicating liquor for beverage purposes, in violation of the Act 39 of 1921 (Ex. Sess.). The record contains several bills of exception.

[1] The first complaint is that the bill of information did not charge that the intoxicating liquor was possessed "unlawfully." The statute does not use the word "unlawful" or "unlawfully," but by forbidding and penalizing the possessing of intoxicating liquor for beverage purposes, makes it unlawful. An indictment or information which charges, as in this case, in the language of the statute, that the defendant did what the statute forbids, and that he did it "contrary to the form of the statute in such case made and provided," is sufficient.

[2] The second bill of exceptions was reserved to the overruling of the defendant's objection to the offering in evidence of a seven-ounce bottle half full of what was supposed to be the intoxicating liquor referred to in the bill of information. The objection was that it had not yet been proven that the liquor was intoxicating, and had not been proven that the defendant had possessed the liquor. Some evidence to that effect had been introduced. The deputy sheriff who found the liquor in the smokehouse on the premises where the defendant resided identified the bottle, and said that it contained homemade whisky. There were other members of the household, any one of whom, of course, might have placed the whisky in the smokehouse; but that was a matter of defense to be considered by the trial judge in determining whether there was any reasonable doubt about the defendant's guilt or innocence. The objection, therefore, had reference to the effect or sufficiency rather than to the admissibility of the evidence.

[3] Bills No. 3, 4, 5, 6 and 7 were reserved to the judge's refusal to maintain certain special charges or propositions of law which

should govern the case, requested by the defendant's counsel. The sum and substance of the charges or propositions submitted and requested was that the finding of the small quantity of whisky in the smokehouse in the yard where the defendant resided, and where other persons also resided, did not justify the presumption that he had placed the whisky in the smokehouse. The judge explains in his statements per curiam that he considered the propositions submitted by the defendant's attorney as being not appropriate, because he (the judge) concluded from all of the evidence in the case that the defendant had placed the bottle of whisky in the smokehouse. Whether the proof was sufficient or insufficient to justify that conclusion is a matter over which we have no jurisdiction.

The conviction and sentence are affirmed.